UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTHA MEDINA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-1855 |
| § | |
| THE GAP, INC., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. 8) and Motion for Leave to File Amended Complaint (Doc. 22). Having considered the motions, responses, replies, the facts in the record, and the applicable law, the Court concludes Defendants' Motion for Summary Judgment (Doc. 8) should be denied.

**I.   Background**

On July 7, 2012, Plaintiff's eight-year-old daughter cut her arm on an "extremely sharp metal" sign in Defendant's Old Navy store at Conroe Market Place in Montgomery County, Texas. The sign was displayed on the edge of a table, like other similar signs, indicating the price of items for sale. Plaintiff's daughter's arm "began gushing blood." Defendant's employees were reluctant to call an ambulance, but "ultimately the manager on duty consented." Plaintiff's daughter suffered "serious injuries." After the incident, Defendant moved its signs from the edges to the tops of tables. Docs. 1-2 ¶¶ 6–7; 12 at 3.

**II.   Legal Standard**

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such

a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

## III.  Discussion

Defendant seeks summary judgment on the following grounds: (1) the premises liability claim fails, because Defendant did not have actual or constructive knowledge of the sharp-edged sign, and (2) the negligence claim is not available given the existence of a premises liability claim.

### A.  *Failure to Respond to Discovery Requests*

Medina first argues Defendant's Motion for Summary Judgment is premature, because Defendant has failed to respond to all discovery requests. Medina alleges Defendant filed its Motion when its responses to Interrogatories and Request for Production were more than a month past due, its responses to a Request for Disclosure were more than five months past due, and the parties had not yet held a Rule 26(f) conference necessary for Medina to seek discovery. Medina argues the Motion is based on the absence of evidence which Medina can acquire only through discovery. Defendant fails to respond to these allegations in its Reply.

### B.     *Actual or Constructive Knowledge*

The elements of a premises liability claim are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). In a slip-and-fall case, actual or constructive knowledge may be established by showing the defendant:

(1) put the foreign substance on the floor; or

(2) knew that it was on the floor and negligently failed to remove it; or

(3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.

*Id.* at 265. The first two forms of proof establish actual notice; the third establishes constructive notice. Under the "time-notice" rule, constructive notice requires "some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

Defendant argues there is no genuine issue whether it had actual notice, because Medina has admitted during her deposition "she did not know who put the sign in the location where [her daughter] cut herself." Doc. 8 at 8. As for constructive notice, Defendant argues Medina's claim fails the time-notice rule, because she has admitted she does not know "how long the sign was in its sharp state, or how long the sign was present at its location inside the store." Doc. 8 at 12. Whether or not Medina personally knew how long the condition existed does not resolve the

question as a matter of law. The issue is Defendant's knowledge, not Medina's. It is ironic that Defendant here relies on Medina's deposition, when it has failed to respond to discovery requests or provide any summary judgment evidence on this point. Unlike the cases cited by Defendant, which involve literal spills, this case involves a sign allegedly prepared and placed on a table by Defendant, necessarily raising an issue as to Defendant's knowledge.

### C. *Negligence*

Defendant argues negligence claims are improper where a plaintiff claims an injury has been caused by a condition on the defendant's premises. In addition, Defendant argues Medina's negligence claim is based on the exact allegations on which she bases her premises liability claim. Medina responds that she specifically pled "various acts of negligence as well as '[s]uch other and further acts of negligence which may be shown after discovery in this case.'" Doc. 12 at 7. Medina states "the nature of this case most certainly leaves open the availability of a cause of action for employment-based negligence." Doc. 12 at 7 n. 43. For instance, Medina might show Defendant trained its employees to place signs in an unsafe manner. In light of the limited discovery available to Medina in responding to the Motion, the negligence claim cannot be ruled out. But absent further evidence of negligence, Medina will be limited to a premises liability claim. *See E.I. DuPont de Nemours & Co. v. Roye*, 14-12-00740-CV, 2014 WL 3908058, at *6 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, no pet.) (Because [plaintiff's] claim is based on an unsafe or dangerous condition of the property, we hold that the cases cited above limited him to a premises liability theory of recovery.").

> [N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. This case was properly tried and submitted as a premises-liability case, as Smith primarily complained of Del Lago's nonfeasance—its failure to remedy an unreasonably dangerous condition. . . .

*Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *see Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157, 163 (Tex. App.—Dallas 2011, no pet.) ("Adroit phrasing of the pleadings to encompass design defects, per se negligence or any other theory of negligence' does not affect application of premises liability law.") (citations omitted).

### D. Motion to Add Defendant

Medina seeks leave to amend her complaint to add the manufacturer of the sign, Carlson Store Fixtures based In Brooklyn Park, Minnesota. Doc. 22. No objections have been timely filed. Under Local Rule 7.4, the motion is deemed unopposed and is granted.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 8) is **DENIED**, and that Plaintiff's Motion for Leave to File Amended Complaint is (Doc. 22) is **GRANTED**.

SIGNED at Houston, Texas, this 13th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE